IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| DAVID AND KIMBERLY FENNER <br>     Plaintiffs <br><br> VS. <br><br> SELECT PORTFOLIO SERVICING, INC. <br>     Defendant | § § § § § § § § § <br><br> C.A. NO. 6:24-cv-13 |

# DEFENDANT'S NOTICE OF REMOVAL

Defendant, Select Portfolio Servicing, Inc. ("**SPS**" or "**Defendant**") pursuant to 28 U.S.C. §1446(a), hereby removes this case from the 24th District Court of Jackson County, Texas to the United States District Court for the Southern District of Texas, Victoria Division. Defendant denies the claims and damages alleged in Plaintiffs' Original Petition and files this Notice without waiving any claims, defenses, exceptions, or obligations that may exist in their favor in state or federal court.

## I.    INTRODUCTION

1. On May 2, 2024, Plaintiffs David and Kimberly Fenner (**"Plaintiffs"**) commenced this action by filing Plaintiffs' Original Petition and Application for Temporary Restraining Order (the "**Complaint**") under Cause No. 2405-17173 in the 24th District Court of Jackson County, Texas (the **"State Court Action"**).[1] On the same date Plaintiffs obtained an ex parte temporary restraining order.[2] Defendant filed its Answer on May 10, 2024.[3]

2. Pursuant to 28 U.S.C. §1446(b) of the Federal Rules of Civil Procedure, this Notice of Removal is timely filed within thirty (30) days of when Defendant was served with the initial

---

[1] See Exhibit C-1.
[2] See Exhibit C-3.
[3] See Exhibit C-8.

state court pleading.[4]  This action is being removed within 30 days of when this action was filed and therefore within 30 days of Defendant's first receipt of the initial state court pleading.

## II. PLEADINGS AND NOTICE TO STATE COURT

3. True and correct copies of all pleadings, process, orders and other filings in the State Court Action are being filed along with this Notice of Removal as required by 28 U.S.C. §1446(a).  Pursuant to 28 U.S.C. §1446(d), written notice of this removal is being served on Plaintiff and filed in the State Court Action.

## III. STATEMENT OF STATUTORY BASIS FOR JURISDICTION AND VENUE

4. This action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. §1332(a)(1).  That statute provides, in pertinent part, that "the district courts shall have the original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1).  Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the State Court Action has been pending is located in this district.  As discussed in detail below, this action satisfies the statutory requirements for diversity of citizenship jurisdiction.

## IV. DIVERSITY JURISDICTION

### A. Citizenship of the Parties

5. This civil action involves a controversy between citizens of different states.  Plaintiffs reside and are domiciled in Texas and therefore are citizens of the State of Texas for

---

[4] *Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48, 119 S. Ct. 1322, 143 L.Ed.2d 448 (1999), (holding the time for removal commences on formal service of process, "*not* by mere receipt of the complaint unattended by any formal service).

2

diversity purposes.[5]

6. Defendant, SPS is a Utah Corporation and is not a citizen of Texas for diversity purposes. A corporation is deemed to be a citizen of (1) every state where it has been incorporated and (2) the state where it has its principal place of business (i.e. its "nerve center").[6] SPS is a Utah corporation with its principal place of business in Salt Lake City, Utah. SPS is not incorporated in Texas, nor is its principal place of business located in Texas. Therefore, SPS is a citizen of Utah for purposes of diversity jurisdiction and is diverse in citizenship from Plaintiff.

7. Because Plaintiffs are citizens of Texas and SPS is a citizen of Utah for diversity purposes, complete diversity of citizenship exists among the relevant parties.

### B. Amount in Controversy

8. This case places an amount in controversy that exceeds the $75,000 threshold. A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction.[7] Such jurisdiction exists as long as the parties are completely diverse and the amount in controversy exceeds $75,000.00.[8]

9. When ascertaining the amount in controversy in the context of a motion to remand, district courts query whether a plaintiff's state court petition, as it existed at the time of removal, alleged damages in excess of the statutory minimum.[9]

10. If the petition does not allege a specific amount of damages, the removing party must prove by a preponderance of the evidence that the amount in controversy requirement is

---

[5] See the Complaint at ¶2.
[6] 28 U.S.C.A. § 1332(c)(1).
[7] See 28 U.S.C. § 1441(a).
[8] See 28 U.S.C. § 1332(a).
[9] See S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 492 (5th Cir.1996).

satisfied.[10] The removing party satisfies this burden if the court finds it "facially apparent" that the plaintiff's claimed damages likely exceed $75,000.00.[11]

11. This action relates to property located at 1050 W Bayshore Drive, Palacios, Texas 77465 (the "Property").[12] The value of the Property according to the Jackson County Appraisal District is no less than $317,560.00.[13] In addition to other claims, Plaintiffs seek to challenge SPS' right to foreclose on a first lien on the Property and or to obtain possession following foreclosure, by claiming a right to temporary and permanent injunction relief.[14]

12. Federal jurisdiction can be established by facts alleged in the petition for removal that support a conclusion that the amount in controversy requirement is satisfied.[15] "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."[16] Plaintiffs seek relief which if successful would preclude enforcement of the contractual loan obligations and Defendant or the mortgagee's right to foreclose on and take possession of the subject property.[17]

13. "[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy."[18] "[T]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented."[19] Also, where a party seeks to quiet title or undo a

---

[10] *See Lewis v. State Farm Lloyds*, 205 F. Supp. 2d 706, 708 (S.D. Tex. 2002) citing *De Aguilar v. Boeing Co.,* 11 F.3d 55, 58 (5th Cir. 1993); *see also Manguno v. Prudential Prop. and Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002) (explaining that the removing party bears the burden of showing that federal jurisdiction exists and that removal is proper).
[11] *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir.1995).
[12] See Complaint at Exhibit B at p.3 of the Complaint for an identification of the Property.
[13] See Exhibit D.
[14] See Complaint at ¶¶ 45-55 and prayer seeking temporary and permanent injunctive relief.
[15] *Menendez v. Wal-Mart Stores, Inc.*, 364 Fed. Appx. 62, 66, 2010 WL 445470, 2 (5th Cir. 2010) (unpublished) (*citing Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003)).
[16] *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (1977).
[17] See Complaint at ¶ VII entitled "Temporary Restraining Order" and Prayer.
[18] *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961).
[19] *Webb v. Investacorp, Inc.*, 89 F.3d 252 (5th Cir. 1996), citing *Leininger v. Leininger*, 705 F.2d 727 (5th Cir. 1983).

foreclosure, the object of the litigation is the property at issue and the amount in controversy is measured by the value of the property.[20] The value of the subject property in this instance for diversity purposes is no less than $317,560.00.[21] The value of the Property in this instance when added to the value of the monetary relief sought by Plaintiffs in the Complaint satisfies the jurisdictional amount of $75,000.00 for diversity purposes.

14. Given the value of the property involved and Plaintiffs' request to enjoin foreclosure of same by Defendant, the amount in controversy requirement has been met based on the allegations in Plaintiffs' Complaint.

## V.   JURY DEMAND

15. Plaintiffs have made no known jury demand in the State Court Action.

## VI.   CONCLUSION

16. For the foregoing reasons, Defendant asks the Court to remove this suit to the United States District Court for the Southern District of Texas, Victoria Division

Respectfully submitted,

By: /s/ Michael F. Hord Jr.
Michael F. Hord Jr.
State Bar No. 00784294
Federal I.D. No. 16035
Eric C. Mettenbrink
State Bar No. 24043819
Federal I.D. No. 569887
HIRSCH & WESTHEIMER, P.C.
1415 Louisiana, 36th Floor
Houston, Texas 77002-2772
(713) 220-9182 Telephone
(713) 223-9319 Facsimile
E-mail: mhord@hirschwest.com
Email:  emettenbrink@hirschwest.com

**ATTORNEYS FOR DEFENDANT**

---

[20]  *See Berry v. Chase Home Fin., LLC*, 2009 WL 2868224, at *2 (S.D. Tex. August 27, 2009).
[21]  See Exhibit D.

## CERTIFICATE OF SERVICE

      I hereby certify that on this 10th day of May 2024, a true and correct copy of the foregoing and/or attached was served on each attorney of record or party in accordance with **Federal Rule of Civil Procedure 5(b)** as follows:

Mark A. Rubal
Janina Wojtkowski
Waldron & Schneider, PLLC
15150 Middlebrook Drive
Houston, Texas 77058
**Via ECF and Email**

                        /s/ Michael F. Hord Jr.
                        Michael F. Hord Jr.

20060161.20240300/5355059.1